1  CLEMENT ROBERTS (State Bar No. 209203)
   croberts@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
3  San Francisco, CA 94105
   Telephone:   (415) 773-5700
4  Facsimile:   (415) 773-5759

5  AMY K. VAN ZANT (SBN: 197426)
   avanzant@orrick.com
6  FRANCES CHEEVER (State Bar No. 287585)
   fcheever@orrick.com
7  EVAN BREWER (State Bar No. 304411)
   ebrewer@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
9  Menlo Park, CA  94025-1015
   Telephone:   +1 650 614 7400
10 Facsimile:   +1 650 614 7401

11 *Attorneys for Defendant*
   CHECK POINT SOFTWARE
12 TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHECK POINT SOFTWARE TECHNOLOGIES INC., a Delaware Corporation, CHECK POINT SOFTWARE TECHNOLOGIES LTD., an Israeli Limited Company,<br><br>Defendants. | Case No. 5:18-cv-02621-WHO<br><br>**DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>Judge:   Hon. William H. Orrick |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Check Point Software Technologies, Inc. ("Check Point") answers Plaintiff Finjan, Inc.'s ("Finjan") Complaint for Patent Infringement as follows. Check Point denies all allegations that it does not expressly admit. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint. The headings used by Plaintiff in the Complaint are restated below for ease of reference, but no admissions are made thereby.

### THE PARTIES

1. Check Point admits that Finjan claims to be a Delaware corporation with its principal place of business at 2000 University Avenue, Suite 600, E. Palo Alto, California 94303. Check Point lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of paragraph 1.

2. Check Point admits the allegations of paragraph 2.

3. Check Point admits the allegations of paragraph 3.

### JURISDICTION AND VENUE

4. Check Point admits that Complaint alleges an action arising under the Patent Act, 35 U.S.C. §101 *et. seq.* Check Point admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338(a). Check Point denies any remaining allegations of paragraph 4.

5. Check Point admits that, for purpose of this case, venue is proper as to itself, but denies that venue is proper as to Check Point Software Technologies Ltd. Check Point admits that its headquarters is located in this district at the address listed in paragraph 5 but denies that that location is the headquarters for Check Point Software Technologies Ltd.

6. For purposes of this litigation, Check Point does not challenge this Court's exercise of personal jurisdiction as to itself, but denies that there is personal jurisdiction as to Check Point Software Technologies Ltd. Check Point admits that it does business in this District, that its headquarters are located in the city of San Carlos, and that it lists job opportunities for its headquarters on its website, but denies that any of those things are accurate with respect to Check

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 1 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

Point Software Technologies Ltd. Check Point denies that it has ever infringed or induced infringement in this District. Check Point denies any remaining allegations of paragraph 6.

## INTRADISTRICT ASSIGNMENT

7. Check Point admits the allegations of paragraph 7.

## FINJAN'S INNOVATIONS

8. Check Point admits that Finjan has been awarded and continues to prosecute patents. Check Point lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8 and on that basis denies them.

9. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9 and on that basis denies them.

## FINJAN'S ASSERTED PATENTS

10. Check Point admits that the face of U.S. Patent No. 6,154,844 ("the '844 Patent") lists the issue date as November 28, 2000, the title as "SYSTEM AND METHOD FOR ATTACHING A DOWNLOADABLE SECURITY PROFILE TO A DOWNLOADABLE," and the inventors as Shlomo Touboul and Nachshon Gal. Check Point admits that a purported copy of the '844 Patent is attached to the Complaint as Exhibit 2. Check Point lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of paragraph 10 and on that basis denies them.

11. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11 and on that basis denies them.

12. Check Point admits that the '844 Patent involves computer network security. Check Point denies that Finjan's characterization of the '844 Patent in this paragraph is otherwise accurate.

13. Check Point admits that the face of U.S. Patent No. 6,965,968 ("the '968 Patent") lists the issue date as November 15, 2005, the title as "POLICY-BASED CACHING," and the inventor as Shlomo Touboul. Check Point admits that a purported copy of the '968 Patent is attached to the Complaint as Exhibit 3. Check Point lacks knowledge or information sufficient to

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 2 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

1  form a belief about the truth of any remaining allegations of paragraph 13 and on that basis denies
2  them.

3        14.    Check Point lacks knowledge or information sufficient to form a belief about the
4  truth of the allegations of paragraph 14 and on that basis denies them.

5        15.    Check Point admits that the '968 Patent involves the use of policies. Check Point
6  otherwise denies that Finjan's characterization of the '968 Patent in this paragraph is accurate.

7        16.    Check Point admits that the face of U.S. Patent No. 7,418,731 ("the '731 Patent")
8  lists the issue date as August 26, 2008, the title as "METHOD AND SYSTEM FOR CACHING
9  AT SECURE GATEWAYS," and the inventor as Shlomo Touboul. Check Point admits that a
10 purported copy of the '731 Patent is attached to the Complaint as Exhibit 4. Check Point lacks
11 knowledge or information sufficient to form a belief about the truth of any remaining allegations
12 of paragraph 16 and on that basis denies them.

13       17.    Check Point lacks knowledge or information sufficient to form a belief about the
14 truth of the allegations of paragraph 17 and on that basis denies them.

15       18.    Check Point admits that the '731 Patent involves computer security. Check Point
16 otherwise denies that Finjan's characterization of the '731 Patent in this paragraph is accurate.

17       19.    Check Point admits that the face of U.S. Patent No. 7,647,633 ("the '633 Patent"),
18 lists the issue date as January 12, 2010, the title as "MALICIOUS MOBILE CODE RUNTIME
19 MONITORING SYSTEM AND METHODS," and the inventors as Yigal Mordechai Edery,
20 Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul. Check Point admits that a purported
21 copy of the '633 Patent is attached to the Complaint as Exhibit 5. Check Point lacks knowledge
22 or information sufficient to form a belief about the truth of any remaining allegations of
23 paragraph 19 and on that basis denies them.

24       20.    Check Point lacks knowledge or information sufficient to form a belief about the
25 truth of the allegations of paragraph 20 and on that basis denies them.

26       21.    Check Point admits that the '633 Patent involves computer networks. Check Point
27 otherwise denies that Finjan's characterization of the '633 Patent in this paragraph is accurate.

28       22.    Check Point admits that the face of U.S. Patent No. 8,079,086 ("the '086 Patent"),

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 3 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

lists the issue date as December 13, 2011, the title as "MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS," and the inventors as Yigal Mordechai Edery, Nimrod Itzhak Vered, David R Kroll, and Shlomo Touboul. Check Point admits that a purported copy of the '086 Patent is attached to the Complaint as Exhibit 6. Check Point lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of paragraph 22 and on that basis denies them.

23. Check Point lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 and on that basis denies them.

24. Check Point admits that the '086 Patent involves computer networks. Check Point otherwise denies that Finjan's characterization of the '086 Patent in this paragraph is accurate.

25. Check Point admits that the face of U.S. Patent No. 8,141,154 ("the '154 Patent"), lists the issue date as March 20, 2012, the title as "SYSTEM AND METHOD FOR INSPECTING DYNAMICALLY GENERATED EXECUTABLE CODE," and the inventors as David Gruzman and Yuval Ben-Itzhak. Check Point admits that a purported copy of the '154 Patent is attached to the Complaint as Exhibit 7. Check Point lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of paragraph 25 and on that basis denies them.

26. On information and belief, Check Point denies that all rights, title, and interest in the '154 patent have been assigned to Finjan. Check Point lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 26.

27. Check Point admits that the '154 Patent claims the use of first and second functions. Check Point otherwise denies that Finjan's characterization of the '154 Patent in this paragraph is accurate.

28. Check Point admits that the face of U.S. Patent No. 8,677,494 ("the '494 Patent"), lists the issue date as March 18, 2014, the title as "MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS," and the inventors as Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul. Check Point admits that a purported copy of the '494 Patent is attached to the Complaint as Exhibit 8. Check Point lacks knowledge

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

4136-4222-6708.3

- 4 -

Check Point's Answer and Affirmative Defenses
5:18-cv-02621-WHO

1  or information sufficient to form a belief about the truth of any remaining allegations of
2  paragraph 28 and on that basis denies them.

3      29.    Check Point lacks knowledge or information sufficient to form a belief about the
4  truth of the allegations of paragraph 29 and on that basis denes them.

5      30.    Check Point admits that the '494 Patent involves security profiles.  Check Point
6  otherwise denies that Finjan's characterization of the '494 Patent in this paragraph is accurate.

7      31.    This paragraph contains no legal or factual allegations to which a response is
8  required.

9  **FINJAN'S NOTICE OF INFRINGEMENT TO DEFENDANT**

10      32.    Check Point admits that Exhibit 9 purports to be a copy of a January 28, 1997
11  press release issued by Finjan Software Ltd. and Check Point Software Technologies Ltd.  Check
12  Point admits that Exhibit 10 purports to be a copy of a Check Point Software Technologies Ltd.
13  "1999 Annual Report" and that Exhibit 10 lists "Finjan" as a "Framework Partner."  Check Point
14  lacks knowledge or information sufficient to form a belief about the truth of the remaining
15  allegations of paragraph 32 and on that basis denies them.

16      33.    Check Point admits that Finjan reached out to explore patent licensing
17  opportunities in 2014.  Check Point denies that Gil Schwed is the Chief Executive Officer of
18  Check Point Software Technologies, Inc.  Check Point lacks knowledge or information sufficient
19  to form a belief about the truth of the remaining allegations of paragraph 33 and on that basis
20  denies them.

21      34.    Check Point lacks knowledge or information sufficient to form a belief about the
22  truth of the allegations of paragraph 34 and on that basis denies them.

23  **CHECK POINT'S PRODUCTS AND TECHNOLOGIES**

24      35.    Check Point admits that it makes, uses, sells, offers for sale, and/or imports
25  products and services which are marketed with terms including: Next Generation Firewall,
26  Security Gateway, Blade, CloudGuard, Endpoint Protection, Advent Threat Prevention, Mobile
27  Security, ZoneAlarm, Threat Intelligence, Security Management, Policy Management,
28  ThreatCloud Managed Security Service, Smart-1 Appliances, SandBlast, and GAiA but denies

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3      - 5 -      CHECK POINT'S ANSWER AND
AFFIRMATIVE DEFENSES
5:18-cv-02621-WHO

that the foregoing are the names of specific products and services.  Check Point denies any remaining allegations of Paragraph 35.

## CHECK POINT'S NEXT GENERATION FIREWALL AND SECURITY GATEWAY PRODUCTS

36. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 36.

37. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 37.

38. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 38.

39. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 39.

## CHECK POINT'S CLOUDGUARD PRODUCTS

40. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 40.

41. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 41.

## ENDPOINT PROTECTION PRODUCTS

42. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 42.

43. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 43.

## CHECK POINT'S ADVANCED THREAT PREVENTION PRODUCTS AND SANDBLAST

44. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 44.

45. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation.  Check Point denies any remaining allegations of paragraph 45.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 6 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

46. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation. Check Point denies any remaining allegations of paragraph 46.

47. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation. Check Point denies any remaining allegations of paragraph 47.

### ZONEALARM PRODUCTS

48. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation. Check Point denies any remaining allegations of paragraph 48.

### THREAT INTELLIGENCE PRODUCTS

49. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation. Check Point denies any remaining allegations of paragraph 49.

50. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation. Check Point denies any remaining allegations of paragraph 50.

### CHECK POINT'S THREATCLOUD PRODUCTS

51. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation. Check Point denies any remaining allegations of paragraph 51.

### CHECK POINT'S SECURITY MANAGEMENT PRODUCTS

52. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation. Check Point denies any remaining allegations of paragraph 52.

53. Check Point admits that Finjan purports to paraphrase Check Point marketing documentation. Check Point denies any remaining allegations of paragraph 53.

### DEFENDANT'S INFRINGEMENT OF FINJAN'S PATENTS

54. Check Point denies the allegations of paragraph 54.

55. Check Point denies the allegations of paragraph 55.

### COUNT I

56. Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

57. Check Point denies the allegations of paragraph 57.

58. Check Point denies the allegations of paragraph 58.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 7 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

59. Check Point denies the allegations of paragraph 59.

60. Check Point denies the allegations of paragraph 60.

61. Check Point denies the allegations of paragraph 61.

62. Check Point denies the allegations of paragraph 62.

63. Check Point denies the allegations of paragraph 63.

64. Check Point denies the allegations of paragraph 64.

65. Check Point denies the allegations of paragraph 65.

66. Check Point denies the allegations of paragraph 66.

## COUNT II

67. Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

68. Check Point denies the allegations of paragraph 68.

69. Check Point denies the allegations of paragraph 69.

70. Check Point admits that it plays some role in maintaining the website at https://supportcenter.checkpoint.com/supportcenter/portal. Check Point denies the remaining allegations of paragraph 70.

## COUNT III

71. Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

72. Check Point denies the allegations of paragraph 72.

73. Check Point denies the allegations of paragraph 73.

74. Check Point denies the allegations of paragraph 74.

75. Check Point denies the allegations of paragraph 75.

76. Check Point denies the allegations of paragraph 76.

77. Check Point denies the allegations of paragraph 77.

78. Check Point denies the allegations of paragraph 78.

79. Check Point denies the allegations of paragraph 79.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 8 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

1  80.  Check Point admits that Finjan is actively engaged in licensing its patent portfolio. Check Point denies the remaining allegations of paragraph 80.

2  81.  Check Point denies the allegations of paragraph 81.

3  82.  Check Point denies the allegations of paragraph 82.

4  83.  Check Point denies the allegations of paragraph 83.

## COUNT IV

84.  Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

85.  Check Point denies the allegations of paragraph 85.

86.  Check Point denies the allegations of paragraph 86.

87.  Check Point admits that it plays some role in maintaining the website at https://supportcenter.checkpoint.com/supportcenter/portal.  Check Point denies the remaining allegations of paragraph 87.

## COUNT V

88.  Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

89.  Check Point denies the allegations of paragraph 89.

90.  Check Point denies the allegations of paragraph 90.

91.  Check Point denies the allegations of paragraph 91.

92.  Check Point denies the allegations of paragraph 92.

93.  Check Point denies the allegations of paragraph 93

94.  Check Point denies the allegations of paragraph 94.

95.  Check Point denies the allegations of paragraph 95.

96.  Check Point denies the allegations of paragraph 96.

97.  Check Point admits that Finjan is actively engaged in licensing its patent portfolio. Check Point denies the remaining allegations of paragraph 97.

98.  Check Point denies the allegations of paragraph 98.

99.  Check Point denies the allegations of paragraph 99.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 9 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

1   100.   Check Point denies the allegations of paragraph 100.

## COUNT VI

101.   Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

102.   Check Point denies the allegations of paragraph 102.

103.   Check Point denies the allegations of paragraph 103.

104.   Check Point admits that it plays some role in maintaining the website at https://supportcenter.checkpoint.com/supportcenter/portal.  Check Point denies the remaining allegations of paragraph 104.

## COUNT VII

105.   Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

106.   Check Point denies the allegations of paragraph 106.

107.   Check Point denies the allegations of paragraph 107.

108.   Check Point denies the allegations of paragraph 108.

109.   Check Point denies the allegations of paragraph 109.

110.   Check Point denies the allegations of paragraph 110.

111.   Check Point admits that Finjan is actively engaged in licensing its patent portfolio. Check Point denies the remaining allegations of paragraph 111.

112.   Check Point denies the allegations of paragraph 112.

113.   Check Point denies the allegations of paragraph 113.

114.   Check Point denies the allegations of paragraph 114.

## COUNT VIII

115.   Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

116.   Check Point denies the allegations of paragraph 116.

117.   Check Point denies the allegations of paragraph 117.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 10 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

1     118.     Check Point admits that it plays some role in maintaining the website at https://supportcenter.checkpoint.com/supportcenter/portal.  Check Point denies the remaining allegations of paragraph 118.

## COUNT IX

119.     Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

120.     Check Point denies the allegations of paragraph 120

121.     Check Point denies the allegations of paragraph 121.

122.     Check Point denies the allegations of paragraph 122.

123.     Check Point denies the allegations of paragraph 123.

124.     Check Point denies the allegations of paragraph 124.

125.     Check Point denies the allegations of paragraph 125.

126.     Check Point denies the allegations of paragraph 126.

127.     Check Point denies the allegations of paragraph 127.

128.     Check Point denies the allegations of paragraph 128.

## COUNT X

129.     Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

130.     Check Point denies the allegations of paragraph 130.

131.     Check Point denies the allegations of paragraph 131.

132.     Check Point admits that it plays some role in maintaining the website at https://supportcenter.checkpoint.com/supportcenter/portal.  Check Point denies the remaining allegations of paragraph 132.

## COUNT XI

133.     Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

134.     Check Point denies the allegations of paragraph 134

135.     Check Point denies the allegations of paragraph 135

136. Check Point denies the allegations of paragraph 136.

137. Check Point denies the allegations of paragraph 137.

138. Check Point denies the allegations of paragraph 138.

139. Check Point denies the allegations of paragraph 139.

140. Check Point denies the allegations of paragraph 140.

141. Check Point admits that Finjan is actively engaged in licensing its patent portfolio. Check Point denies the remaining allegations of paragraph 141.

142. Check Point denies the allegations of paragraph 142.

143. Check Point denies the allegations of paragraph 143.

144. Check Point denies the allegations of paragraph 144.

## COUNT XII

145. Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

146. Check Point denies the allegations of paragraph 146.

147. Check Point denies the allegations of paragraph 147.

148. Check Point denies the allegations of paragraph 148.

149. Check Point denies the allegations of paragraph 149.

150. Check Point denies the allegations of paragraph 150.

151. Check Point denies the allegations of paragraph 151.

152. Check Point denies the allegations of paragraph 152.

153. Check Point denies the allegations of paragraph 153.

154. Check Point denies the allegations of paragraph 154.

## COUNT XIII

155. Check Point repeats its responses to the allegations of the preceding paragraphs as if fully set forth herein.

156. Check Point denies the allegations of paragraph 156.

157. Check Point denies the allegations of paragraph 157.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 12 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

158. Check Point admits that it plays some role in maintaining the website at https://supportcenter.checkpoint.com/supportcenter/portal. Check Point denies the remaining allegations of paragraph 158.

## PRAYER FOR RELIEF

Check Point denies that Finjan is entitled to any judgment or relief.

## DEMAND FOR JURY TRIAL

Check Point admits that Finjan demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Check Point alleges the following affirmative defenses. Check Point reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense: Failure to State a Claim

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense: Lack of Standing

2. Finjan does not have full ownership of the '154 patent. An inventor is presumed to be the owner of a patent application, and any patent that may issue therefrom, unless there is an assignment. The '154 application does not contain a valid written assignment of inventor David Gruzman. After a reasonable opportunity for investigation and discovery, evidence will likely show that no valid written assignment exists. Finjan, therefore, lacks standing to maintain its claims of infringement of the '154 patent.

### Third Defense: Invalidity

3. One or more of the claims of the Asserted Patents are invalid for failure to satisfy the conditions of patentability set forth in Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. In particular, each of the patents is at least anticipated or rendered obvious by the prior art that other defendants (such as Zscaler) have asserted in their invalidity contentions.

### Fourth Defense: Prosecution History Estoppel

4. Plaintiff's claims of infringement are barred in whole or in part by the doctrine of prosecution history estoppel. Finjan's conduct during prosecution of the Asserted Patents

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 13 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

shortened the term of the patents and/or argued bases for allowance that now estop Finjan from arguing that the alleged inventions recited in the claims of the Asserted Patents cover Check Point's accused products.

5. For example, the patentee distinguished the '844 patent from prior art on the ground that the claim invention generates or links the Downloadable security profile to a Downloadable "<u>before the web server makes the Downloadable security profile available to web clients.</u>" During prosecution of the '968 patent, the patentee maintained that although the prior art did "restrict vending of content to a client according to predefined user policies for acceptability," it did not "teach a <u>policy index to cache contents</u> indicating allowable cache contents for each of a plurality of policies" as required by the patent claims. The patentee distinguished the claims of the '731 patent from the prior art on the ground that the claims invented inserting "special code 'before and after each problematic instruction." During prosecution of the '633 patent, the patentee stated that, rather than describing the "packaging of protection code," the prior art described " a situation whereby a security monitor is already resident on a client computer, . . . without concerning itself as to how the security the monitor was installed." In another example, the patentee distinguished the '086 patent from the prior art on the ground that an "alteration" or "instrumentation" to "disable suspicious operations was not the same as the claimed appended "list of suspicious operations in the form of a security profile to a Downloadable, for a receiver thereof to decide how to respond thereto." In another example, the patentee distinguished the '154 patent from prior art on the ground that "the claimed transmitter transmits the input in a call to a first function."

**Fifth Defense: Equitable Estoppel**

6. Plaintiff's claims of infringement are barred in whole or in part by the doctrine of equitable estoppel in that Plaintiff's conduct lead Check Point to reasonably infer that Plaintiff did not intend to enforce its patents.

7. The '844 Patent issued almost eighteen years ago, on November 28, 2000. The '968 Patent issued on November 15, 2005, the '732 Patent issued on August 26, 2008, the '086

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 14 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

1   Patent issued on December 13, 2011, the '633 Patent issued on January 12, 2010, the '154 issued
2   on March 20, 2012, and the '494 Patent issued on March 18, 2014.

3       8.    In its Complaint, Finjan alleges that it partnered with Check Point as early as 1997
4   "in providing solutions for Java Security" and that it reached out Check Point as early as 2014 to
5   discuss patent licensing.

6       9.    After a reasonable opportunity for investigation and discovery, evidence will likely
7   show that Finjan was aware of Check Point's activities between 1997 and 2014, but did not
8   apprise Check Point of its intent to file this suit and that Check Point reasonably inferred that
9   Finjan did not intend to file this suit and detrimentally relied on Finjan's misleading conduct
10  including by continuing to sell the accused technology without modification.

11      10.    Check Point has worked continuously since its founding in 1993 to develop
12  innovative security solutions, investing heavily in its products and business. Check Point will be
13  materially prejudiced if Finjan is permitted to proceed with its claims. Among other things, had
14  Finjan brought its claims in a timely manner, Check Point could have modified its products in
15  ways that would have avoided any possible claim of infringement.

16  **<u>Sixth Defense: Prosecution Laches</u>**

17      11.    Plaintiff's claims of infringement are barred in whole or in part by the doctrine of
18  prosecution laches.

19      12.    For example, Finjan filed its first provisional application that allegedly discloses
20  the subject matter of the '494 patent on November 8, 1996. But U.S. Patent Application No.
21  13/290,708, which would issue as the '494 patent, was not filed until November 7, 2011, and the
22  '494 Patent did not issue until March 18, 2014. The 13/290,708 application claims the benefit of
23  two partially-overlapping continuation chains, each of which contains five successive
24  continuations and continuations-in-part, each spanning 14 years, 364 days between the earliest
25  provisional application and the most-recent application filing. Finjan's repetitious continuation
26  strategy and undue delay caused the '494 Patent to issue more than 16 years after the alleged first
27  filing of all of the claimed subject matter.

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 15 -

CHECK POINT'S ANSWER AND
AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

13. Similarly, the '154 Patent was filed on June 14, 2010, more than four years after the earliest claimed non-provisional application in the chain of priority was filed on December 12, 2005.

14. The '086 Patent was filed on May 26, 2009, more than eleven years after the earliest claimed non-provisional application in the chain of priority, was on filed January 29, 1997.

15. The '633 Patent was filed on June 22, 2005, more than five years after the earliest claimed non-provisional application in the chain of priority was filed on March 30, 2000.

16. The '731 Patent was filed on May 3, 2004, more than six years after the earliest claimed non-provisional application in the chain of priority was filed on November 6, 1997.

17. By claiming priority to early-filed applications, Finjan limited the universe of prior art considered by the examiner during the prosecution of its patents.

18. Plaintiff's unreasonable delay in prosecuting the claims of the Asserted Patents had an adverse effect on Check Point because, during Finjan's long prosecution periods it failed to actively claim the subject matter of its patents. Check Point could not, therefore, determine what was patented and what was not. In the interim, Check Point invested considerable resources on the products that Finjan accuses of infringement.

### Seventh Defense: Unavailability of Injunctive Relief

19. Plaintiff is not entitled to injunctive relief because any injury to Finjan is not immediate or irreparable and could be adequately remedied by money damages. After a reasonable opportunity for investigation and discovery, evidence will likely show that Finjan does not practice any claims of the Asserted Patents and does not compete with Check Point. For the same reasons, the harm to Finjan would be outweighed by the harm to Check Point and the public interest would not be served by an injunction.

### Eighth Defense: Limitation on Damages and Costs

20. Plaintiff's claims for damages and costs are limited, in whole or in part, by one or more of 35 U.S.C. §§ 286 and 288. Among other things, Finjan's Complaint alleges that it "built and sold software, including application program interfaces (APIs) and appliances for network

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 16 -

CHECK POINT'S ANSWER AND AFFIRMATIVE DEFENSES
5:18-CV-02621-WHO

security, using these patented technologies." After a reasonable opportunity for investigation and discovery, evidence will likely show that Finjan did not mark any of these referenced products with the asserted patent numbers.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Check Point hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Check Point prays for relief as follows:

    A.    Judgment in favor of defendant Check Point, and against plaintiff Finjan;

    B.    A judgment that this is an "exceptional case" and an aware of reasonable attorney's fees, expenses, and costs under 35 U.S.C. § 285;

    C.    An award of costs and reasonable attorney's fees; and

    D.    An award of such other relief as the Court may deem appropriate.

Dated: July 16, 2018

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ Clement S. Roberts*
Clement S. Roberts
Attorneys for Defendants
CHECK POINT SOFTWARE
TECHNOLOGIES, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

4136-4222-6708.3

- 17 -

CHECK POINT'S ANSWER AND
AFFIRMATIVE DEFENSES
5:18-cv-02621-WHO