UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CHECK POINT SOFTWARE TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-02621-WHO<br><br>**ORDER RE CASE NARROWING AND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. Nos. 27, 28 |

Following the last Case Management Conference, I directed the parties to submit briefs in support of their proposals as how to manage the litigation of this case to comply with Federal Rule of Civil Procedure 1's mandate of a "just, speedy, and inexpensive determination" of this action. Dkt. No. 24. I have read the parties' briefs in support of narrowing or otherwise streamlining this litigation and rule as follows, largely following the provisions of this Court's Patent Local Rules as well as the guidance provided in the 2013 Model Order:

Finjan shall, to the best of its ability with available information, identify the specific Check Point products it believes infringes the patents at issue (Identification). That Identification shall be served on Check Point within 10 days of the date of this Order. Finjan may, after substantive discovery commences, amend the Identification to allege infringement by additional Check Point products for good cause shown.

No later than 10 days following the service of the Identification Check Point shall provide Finjan access to the source code for the Identified products.

No later than 35 days after the production of source code, Finjan shall serve a Preliminary Election of Asserted Claims, asserting no more than 10 claims per patent, and no more than 32 total claims.

No later than 35 days after the production of the source code, Finjan shall serve its Infringement Contentions required by Patent Local Rule 3-1. Those Infringement Contentions shall include pinpoint source code citations, and be accompanied by the document production required by Patent Local Rule 3-2. Those Infringement Contentions, in addition to providing pinpoint source code citations, shall also: (i) avoid open-ended citations to "exemplary" products and use of the terms "such as" and "for example"; (ii) set forth any infringement theories based on the doctrine of equivalents with limitation-by-limitation analyses; and (iii) for any indirect theories of infringement, identify the alleged direct infringement, the alleged acts of inducement or contribution to that infringement, and the relationship between them.

No later than 35 days after the service of the Preliminary Election of Asserted Claims, Check Point must serve a Preliminary Election of Asserted Prior Art, asserting no more than 12 prior art references against each patent and no more than 40 total references.

No later than 35 days after the service of the Infringement Contentions, Check Point shall serve its Invalidity Contentions required by Patent Local Rule 3-3, accompanied by the document production required by Patent Local Rule 3-4.

No later than December 26, 2018, the parties shall exchange Proposed Terms for Construction. Patent Local Rule 4-1.

No later than January 16, 2019, the parties shall exchange Preliminary Claim Constructions and Extrinsic Evidence. Patent Local Rule 4-2.

Damages Contentions shall be provided no later than 50 days after service of the Invalidity Contentions. Patent Local Rule 3-8. No later than 30 days after service of the Damages Contentions, the Responsive Damages Contentions shall be filed. Patent Local Rule 3-9.

No later than February 8, 2019, the parties shall file the Joint Claim Construction and Prehearing Statement. Patent Local Rule 4-3.

No later than March 11, 2019, the parties shall complete claim construction discovery. Patent Local Rule 4-4.

No later than March 25, 2019, Finjan shall file its opening Claim Construction Brief. Patent Local Rule 4-5(a).

1  No later than April 8, 2019, Check Point shall file its responsive Claim Construction Brief.
2  Patent Local Rule 4-5(b).

3  No later than April 15, 2018, Finjan shall file its reply Claim Construction Brief. Patent
4  Local Rule 4-5(c).

5  The REVISED DATE for the Claim Construction tutorial is April 26, 2019 at 10:00 a.m.

6  The REVISED DATE for the Claim Construction hearing is May 3, 2019 at 10:00 a.m.

7  No later than 28 days following the issuance of the Claim Construction Order, Finjan shall
8  file a Final Election of Asserted Claims, asserting no more than 5 asserted claims per patent from
9  the 10 previously identified, and no more than 16 claims in total, absent a showing of good cause
10 to elect more.

11 No later than 14 days following Finjan's Final Election, Check Point shall file a Final
12 Election of Asserted Prior Art, asserting no more than 6 asserted prior art references per patent
13 from among the 12 previously identified, and no more than 20 references in total, absent a
14 showing of good cause to elect more.

15 **IT IS SO ORDERED.**

16 Dated: September 10, 2018

_____
William H. Orrick
United States District Judge