# Exhibit A

Case 3:19-cv-02621-WHO   Document 73-1   Filed 02/06/19   Page 2 of 10
Case 3:17-cv-06946-JST   Document 110   Filed 02/05/19   Page 2 of 10
Case 3:17-cv-06946-JST   Document 105 *SEALED*   Filed 01/28/19   Page 1 of 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ZSCALER, INC.,<br><br>    Defendant. | Case No. 17-cv-06946-JST<br><br>**ORDER GRANTING MOTION TO ENFORCE ORDER ON MOTION TO COMPEL; VACATING ORDER TO SHOW CAUSE; AND GRANTING MOTION TO ENLARGE DEADLINES**<br><br>Re: ECF Nos. 77, 87, 98<br><br>**FILED UNDER SEAL** |

Before the Court is Defendant Zscaler, Inc.'s motion to enforce the Court's order at ECF No. 72 granting Zscaler's motion to compel further infringement contentions. ECF No. 77. The Court will grant the motion.[1]

## I. BACKGROUND

Plaintiff Finjan, Inc. and Zscaler are competitors in the malware security field. ECF No. 1 ¶¶ 7, 26. Finjan alleges that Zscaler's products infringe four patents owned by Finjan: U.S. Patent Nos. 6,804,780 ("the '780 patent"); 7,647,633 ("the '633 patent"); 8,677,494 ("the '494 patent"); and 7,975,305 ("the '305 patent"). *Id.* ¶ 21. Finjan served its initial infringement contentions on May 9, 2018. ECF No. 46-3. In response, Zscaler moved for an order compelling Finjan to "revise its infringement contentions to identify, for each item called for in each asserted claim, the specific component or data structure within Zscaler's system that constitutes the claimed item,

---

[1] The Court has filed this order under seal because it contains material subject to sealing orders. Within seven days of the filing date of this order, the parties shall provide the Court a stipulated redacted version of this order, redacting only those portions of the order containing or referring to material for which the Court has granted a motion to seal and for which the parties still request the material be sealed. The Court will then issue a redacted version of the order.

Case 3:19-cv-02621-WHO   Document 73-1   Filed 02/05/19   Page 3 of 10
Case 3:17-cv-06946-JST   Document 110   Filed 02/05/19   Page 2 of 9
Case 3:17-cv-06946-JST   Document 105 *SEALED*   Filed 01/28/19   Page 2 of 9

arranged in the manner called for in the claim." ECF No. 61 at 2. The Court granted the motion and ordered Finjan to file amended infringement contentions within 45 days. ECF No. 72. Finjan timely served its amended contentions. ECF No. 80-6. Zscaler argues that the amended contentions still do not meet the standards set forth in Patent Local Rule 3-1 and moves the Court for an order compelling Finjan to provide further amended contentions "that properly put Zscaler on notice of how its products specifically infringe the patent claims at issue." ECF No. 77 at 5.

## II. LEGAL STANDARD

To satisfy Patent Local Rule 3-1, a "plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products." *Tessenderlo Kerley, Inc. v. OR-Cal, Inc.*, No. C 11-04100 WHA, 2012 WL 1253178, at *2 (N.D. Cal. Apr. 13, 2012) (citations omitted). The rule forces parties to "crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Alberta Telecomms. Research Ctr. v. Rambus Inc.*, No. C06-02595 RMWRS, 2007 WL 4170564, at *1 (N.D. Cal. Nov. 19, 2007). Specifically, Patent Local Rule 3-1(c) requires the plaintiff to produce a "chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c). "This burden cannot be met simply by parroting claim language or referencing screenshots and/or website content." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *6 (N.D. Cal. Apr. 2, 2015). "[T]he degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant [as to] why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (citations omitted).

## III. DISCUSSION

Zscaler argues that Finjan's amended contentions continue to suffer from a "unreasonable lack of specificity [that] is prejudicial to Zscaler's ability to prepare a defense." ECF No. 77 at 7. In support, Zscaler offers "representative shortcomings of Finjan's Amended Contentions for each of the asserted patents." *Id.* The Court will address Zscaler's assertions as to each patent in turn.

Case 3:18-cv-02621-WHO Document 73-1 Filed 02/06/19 Page 4 of 10
Case 3:17-cv-06946-JST Document 131 Filed 02/05/19 Page 3 of 9
Case 3:17-cv-06946-JST Document 105 *SEALED* Filed 01/28/19 Page 3 of 9

### A. '633 Patent

Claim 1 of the '633 patent claims a computer processor-based method involving a computer that transmits mobile protection code to at least one information destination. ECF Nos. 1-2 at 24; 77 at 7. The Court's prior order held that Finjan's contentions as to the '633 patent "lack[ed] any meaningful, clear, or specific description" of "any particular structure, act, or material that sends mobile protection code." ECF No. 72 at 3. Zscaler asserts that Finjan's amended contentions continue to fail to provide Zscaler with fair notice of Finjan's infringement theories for two reasons: the contentions neither "describe which Zscaler product actually transmits mobile protection code in the '633 Patent" nor "explain *how* the code is transmitted." ECF No. 77 at 11.

First, Zscaler complains that Finjan "asserts an extensive combinatorial list of 'alternative' Zscaler features that it accuses for each claim element." ECF No. 77 at 7. Zscaler asserts that, given the multitude of possible claim element mappings encompassed by this list, it remains "in the dark as to what part of its product transmits mobile protection code and infringes the claims." *Id.* at 7-8 (quoting ECF No. 72 at 3). For example, Finjan lists ten different Zscaler components that could meet the "computer" element, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 8.[2] For each alleged "computer," Finjan also lists numerous possible alternative "information destinations" joined by the "and/or" connector. *Id.* Zscaler complains that this "choose-your-own-adventure novel of contentions" does not offer the specificity demanded by Patent Local Rule 3-1 and this Court's prior order. *Id.* at 10.

Finjan responds that limiting the number of infringement scenarios it can raise would violate its due process and property rights. ECF No. 80 at 9. "Finjan alleges that Zscaler infringes the asserted patents in many ways across many technologies, and Finjan is allowed to address all

---

[2] Finjan asserts that it has identified only eight possible "computers" and excludes ▮▮▮▮ from its own list. ECF No. 80 at 7. But Finjan's amended contentions clearly allege that "▮▮▮▮ and ▮▮▮▮ also meet the limitation of a computer." ECF No. 79-10 at 7. Finjan explains that it separately identified those technologies only out of uncertainty as to whether they are in fact separate technologies or are instead encompassed within ▮▮▮. ECF No. 80 at 11 n.2.

3

Case 3:18-cv-02621-WHO Document 73-1 Filed 02/06/19 Page 5 of 10
Case 3:17-cv-06946-JST Document 110 Filed 02/05/19 Page 4 of 9
Case 3:17-cv-06946-JST Document 105 *SEALED* Filed 01/28/19 Page 4 of 9

of those ways in discovery and ultimately present them to the jury if required." *Id.* at 10. On reply, Zscaler clarifies that the problem is not the number of theories; "the problem is that none of the numerous theories are described with the required specificity." ECF No. 83 at 7. Rather than a defined – even if large – number of discrete infringement theories, Zscaler charges that Finjan has instead presented such a confusing combinatorial set of possible infringing components as to create a "jumbled mess useful only for shifting-sands litigation tactics." ECF No. 83 at 8.

The Court agrees with Zscaler's characterization. Finjan's contentions set forth almost innumerous alternative and overlapping theories, identifying various Zscaler products, including products that function as subcomponents of other accused products, as potential "computers" in some theories and potential "information destinations" in others. ECF No. 79-10 at 3-14. Early disclosure under Patent Local Rule 3-1 functions to "provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Proofpoint*, 2015 WL 1517920, at *1 (quoting *Creagri, Inc. v. Pinnaclife Inc.*, 2012 WL 5389775, at *2 (N.D. Cal. Nov. 2, 2012)). This purpose is frustrated by infringement contentions that set forth such a vast array of possible combinations of infringing products as to allow the plaintiff to avoid asserting its true contentions until a later stage. At some point, a list of alternative theories becomes so unwieldy that a plaintiff cannot be said to have "crystallize[d] their theories of the case early in the litigation" as the Patent Local Rules require. *See Alberta Telecomms. Research Ctr.*, 2007 WL 4170564, at *1. Wherever that threshold may be, the Court finds that Finjan has crossed it here. Given the incalculable combinations of infringement theories presented by Finjan as to the '633 patent, the amended contentions are insufficiently specific to put Zscaler on reasonable notice. "Neither the Court nor the Defendants should be required to guess which aspects of the accused products allegedly infringe each claim element." *Proofpoint*, 2015 WL 1517920, at *7. Accordingly, the Court GRANTS Zscaler's motion to compel further amended contentions as to the '633 patent.[3]

---

[3] Finjan cites *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011) for the proposition that "narrowing by scenarios would preclude unique issues of infringement and violate Finjan's due process and property rights." ECF No. 80 at 10. *Katz*

4

Case 3:19-cv-02621-WHO Document 73-1 Filed 02/06/19 Page 6 of 10
Case 3:17-cv-06946-JST Document 110 Filed 02/05/19 Page 5 of 9
Case 3:17-cv-06946-JST Document 105 *SEALED* Filed 01/28/19 Page 5 of 9

Zscaler further alleges that Finjan's "bare-bones identification of certain elements of Zscaler's system" fails "to explain the 'how' of infringement with any of the requisite specificity." ECF No. 77 at 8. As an example, Zscaler argues that, while Finjan describes the ▇ "communicat[ing] to the ▇ with code," it fails to explain *how* the communication occurs. *Id.* at 11. Finjan responds by citing numerous instances where its contentions allege that a Zscaler product "communicates," "sends," or "transmits" mobile protection code. ECF No. 80 at 11-12. Because this is the same level of description set forth in claim 1 – which describes "transmitting" mobile protection code from the computer to the information destination without providing additional detail on the process – the Court finds that Finjan has sufficiently described the "how" of infringement as to the claims set forth in the '633 patent. *See* Patent L.R. 3-1(c). Where Finjan's contentions fall short is in identifying "where" the infringement occurs – i.e., which specific components of which specific Zscaler products infringe the '633 patent. It is this deficiency Finjan must address by further amending its infringement contentions.

**B.     '780 Patent**

Claim 9 of the '780 patent claims a system comprised of two coupled components: a communications engine that obtains a downloadable that includes references to software components required to be executed by the downloadable, and an ID generator that fetches

---

*Interactive* does not assist Finjan. In that case, a multidistrict litigation, the district court limited the plaintiff patentee to no more than 40 claims per defendant group, and required him after discovery to narrow the number of selected claims to 16 per defendant group. *Id.* at 1309. Katz was limited to a total of 64 claims across all actions. *Id.* The district court also added a proviso permitting Katz "to add new claims if they 'raise[d] issues of infringement/validity that [were] not duplicative' of previously selected claims." *Id.* Instead of selecting additional claims and seeking to show that those claims raised non-duplicative issues of infringement or validity, however, Katz moved the court to sever and stay the non-selected claims. *Id.* at 1309-10. The district court denied the motion, and the Federal Circuit affirmed. The court noted that "[i]n complex cases, and particularly in multidistrict litigation cases, the district court 'needs to have broad discretion to administer the proceeding.'" *Id.* at 1313 (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006)). The appellate court found no error in either the district court's adoption of a selection process or in the administration of that process, citing "the district court's need to manage the cases before it and the 'strong public interest in the finality of judgments in patent litigation.'" *Id.* (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993)). If *Katz* supports any party's position, it is Zscaler's.

Case 3:18-cv-02621-WHO Document 73-1 Filed 02/06/19 Page 7 of 10
Case 3:17-cv-06946-JST Document 110 Filed 02/05/19 Page 6 of 9
Case 3:17-cv-06946-JST Document 105 *SEALED* Filed 01/28/19 Page 6 of 9

software components identified by those references and performs a hashing function to generate an ID for the downloadable. ECF Nos. 1-1 at 18; 72 at 3. In its prior order, the Court held that Finjan's original contentions with regard to the '780 patent "consist[ed] of little more than the text of the patent, followed by text copied verbatim from Zscaler's general marketing materials, without any explanation as to how the products featured in the marketing materials constitute a structure, act, or material that carries out the claims." *Id.* at 4. Similarly, the contentions failed to describe "that, or in what way, the ID generator is coupled with the communications engine." *Id.*

Zscaler urges first, that Finjan still fails to identify "how any specific component, algorithm, or data structure allegedly satisfies the limitations" of the '780 patent "other than that *something* contained within high-level system components performs the claimed function." ECF No. 83 at 10 (emphasis added). For example, Zscaler critiques Finjan's contention that each allegedly infringing product it identifies "is or contains a communications engine," arguing that this alternative formulation fails to put Zscaler on notice of which specific components of the accused products Finjan is challenging. ECF No. 77 at 11. Finjan responds that demanding a greater level of detail would require Finjan to "have proven infringement in its contentions." ECF No. 80 at 15 (citing *Network Caching Tech. LLC v. Novell, Inc.*, 2003 WL 21699799, at *4 (N.D. Cal. 2003) ("Patent L.R. 3-1 does not require [plaintiff] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions.")). Second, Zscaler maintains that Finjan has failed to address how any of the "ID generator" components it identifies in Zscaler's products are "coupled to" the Zscaler App, despite identifying the app as a "communications engine" infringing the '780 patent. ECF Nos. 77 at 12; 83 at 9.

Zscaler's second argument is easily disposed of: According to Finjan, each of the ID generators specified in the contentions is "coupled with each of the communications engines described above," which presumably includes the Zscaler App. ECF No. 79-8 at 47, 51, 53. Zscaler's primary argument, however, is well-taken. The Court agrees that Finjan's amended contentions as to the '780 patent are insufficiently specific. Merely identifying the function or output of high-level system components, then alleging that the infringing component must be in there somewhere, is insufficient to meet the requirements of Patent Local Rule 3-1. *See* ECF No.

6

83 at 10. Instead, Finjan must identify "specifically *where* and *how* each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1(c) (emphasis added). As Finjan's vague and generalized amended infringement contentions as to the '780 patent reveal, it still has not done so. Explaining that a product "is or contains" a claimed element is not sufficient to specify where and how the claim limitation is found. As another example, Finjan goes so far as to allege that " █████████████████ " infringes Claim 9 of the '780 patent "using any combination of the components listed below." ECF No. 79-8 at 37. This broad and overarching contention fails to provide "reasonable notice to the defendant [as to] why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC*, 812 F. Supp. 2d at 1025 (N.D. Cal. 2010) (citations omitted). As such, it is insufficiently specific to meet the dictates of Patent Local Rule 3-1(c). The Court GRANTS Zscaler's motion as to the '780 patent.

### C. '494 Patent

Claim 10 of the '494 patent claims, among other things, a receiver that receives an incoming downloadable, coupled with a downloadable scanner that derives security profile data for that downloadable, including a list of suspicious computer operations the downloadable may attempt. ECF Nos. 1-3 at 28; 77 at 13. The Court earlier held that Finjan's original contentions as to this patent were insufficient because they did not "constitute a narrative explanation of how the product group infringes." ECF No. 72 at 5 (internal quotation marks and citation omitted). In particular, Finjan failed to identify any list of suspicious computer operations connected to a downloadable scanner coupled with a receiver. *Id.* at 4-5.

Zscaler argues first – much as it did with regard to the '633 patent – that Finjan's amended contentions include too many alternative combinable products to put Zscaler on fair notice. ECF No. 77 at 13 n.4. Second, Zscaler points to specific places where Finjan's contentions continue to fall short: for instance, by continuing to fail to identify which structure within a Zscaler product meets the "security profile data . . . including a list of suspicious computer operations" element. *Id.* at 13. Similarly, Zscaler reasserts its argument that Finjan fails to connect a list of suspicious operations to any downloadable scanner coupled with a receiver, or to sufficiently explain how

7

any alleged scanner and receiver are coupled. *Id.* at 14-16.

In response, Finjan asserts that it has identified only six specific infringement scenarios as to the '494 patent. ECF No. 80 at 15. Zscaler retorts that "[i]f Finjan's theories are indeed limited to the six infringement scenarios it identifies in its opposition, it should say so *in its infringement contentions.*" ECF No. 83 at 11. The Court agrees. For the reasons discussed above as to the '633 patent, alleging an extensive list of potentially infringing products, as arranged in any combination, is not specific enough to meet the requirements of Patent Local Rule 3-1. If Finjan would like to limit its contentions to those identified in its opposition to the motion now before the Court, it must do so by amending the contentions themselves. Accordingly, Zscaler's motion is GRANTED as to the '494 patent.

### D. '305 Patent

The '305 patent claims deal with a computer which contains, among other things, a network interface, an internet application, and a database of parser and analyzer rules. ECF Nos. 1-4 at 33; 77 at 15. The Court previously held that Finjan's contentions as to this patent were inadequate because they "fail[ed] to describe any product that is, or contains, a computer which does all three." ECF No. 72 at 5. Zscaler argues that the amended contentions have not remedied this problem.

Zscaler reasserts that Finjan has failed to identify any specific computer within Zscaler's system that meets the limitations. ECF No. 77 at 16. Instead, Finjan merely alleges that " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." ECF No. 79-12 at 4. Finjan insists that objecting to this formulation goes to the merits, rather than the sufficiency, of its infringement contentions. ECF No. 80 at 21. This argument is not persuasive. Patent Local Rule 3-1(b) requires the identification of accused instrumentalities to "be as specific as possible." Finjan's assertion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is the infringing computer, while identifying a multiplicity of possible network interfaces and internet applications therein that could potentially meet the claim elements, is not sufficiently specific to put Zscaler on notice of Finjan's infringement contentions.

As Zscaler points out, descriptions as vague as "any application that processes internet

8

Case 3:18-cv-02621-WHO Document 73-1 Filed 02/06/19 Page 10 of 10
Case 3:17-cv-06946-JST Document 110 Filed 02/05/19 Page 9 of 9
Case 3:17-cv-06946-JST Document 105 *SEALED* Filed 01/28/19 Page 9 of 9

content" identify only broad categories of potential accused components – far from the description of "specifically where and how each limitation of each asserted claim is found within each [a]ccused [i]nstrumentality" that is required by Local Rule 3-1. Patent L.R. 3-1(c); ECF Nos. 77 at 16; 79-12 at 4, 5, 9. While the Patent Local Rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case, . . . a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (citation omitted). The Court GRANTS Zscaler's motion on the '305 patent.

## MOTION TO ENLARGE TIME

In light of the foregoing ruling, Zscaler's motion for extension of time to complete claim construction and related discovery, ECF No. 98, is granted in full. The claim construction hearing will be held on May 28, 2019 at 1:30 p.m., with a tutorial to be held at 1:30 p.m. on May 14, 2019.

## ORDER TO SHOW CAUSE

The Court's order to show cause dated December 11, 2018, ECF No. 87, is vacated. The Court will revisit the case management issues described in that order if the development of this case or Finjan's other cases within this district makes that course of action appropriate.

## CONCLUSION

Zscaler's motion to enforce the Court's earlier order directing more specific infringement contentions is granted. Finjan is directed to serve further amended infringement contentions within 30 days of the date of this order that remedy the deficiencies identified in this order and the Court's order at ECF No. 72. Once Finjan serves its amended contentions, Zscaler may amend its invalidity contentions and claim construction positions within the next 30 days.

IT IS SO ORDERED.

Dated: January 28, 2019

JON S. TIGAR
United States District Judge

9