CLEMENT ROBERTS (State Bar No. 209203)
croberts@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

VICKIE L. FEEMAN (State Bar No. 177487)
vfeeman@orrick.com
FRANCES CHEEVER (State Bar No. 287585)
fcheever@orrick.com
EVAN BREWER (State Bar No. 304411)
ebrewer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

*Attorneys for Defendant*
CHECK POINT SOFTWARE
TECHNOLOGIES INC. and CHECK POINT
SOFTWARE TECHNOLOGIES LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHECK POINT SOFTWARE TECHNOLOGIES INC., a Delaware Corporation, CHECK POINT SOFTWARE TECHNOLOGIES LTD., an Israeli Limited Company,<br><br>Defendants. | Case No. 3:18-cv-02621<br><br>**DEFENDANTS CHECK POINT SOFTWARE TECHNOLOGIES, INC. AND CHECK POINT SOFTWARE TECHNOLOGIES, LTD.'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Judge:   Hon. William H. Orrick<br><br>Date:      March 27, 2019<br>Time:     2:00 p.m.<br>Location: Courtroom 2, 17th Floor<br>Judge:    Hon. William H. Orrick<br><br>Complaint filed: May 3, 2018<br>Trial Date: January 25, 2021 |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 27, 2019 at 2:00 p.m. or as soon thereafter as this matter may be heard before Judge H. Orrick of the United States District Court for the Northern District of California in Courtroom 2, 17th Floor, of 450 Golden Gate Avenue in San Francisco, CA, defendants Check Point Software Technologies, Inc. and Check Point Software Technologies, Ltd. (individually "Check Point Inc." and "Check Point Ltd.," collectively "Check Point") will move to file an Amended Answer and Affirmative Defenses pursuant to Federal Rule of Civil Procedure 15(a)(2).

For the reasons set forth below, Check Point requests that the Court grant this motion and allow Check Point to file additional inequitable conduct defenses to cover U.S. Patent Nos. 8,079,086 ("'086 Patent"); 7,647,633 ("'633 Patent"); and 6,154,844 ('844 Patent), and an unenforceability defense based on a terminal disclaimer Finjan filed for the '086 Patent.

# MEMORADUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In the parties' Joint Case Management Statement & Proposed Order, filed on August 7, 2018, "[t]he parties agree[d] that the deadline for joining parties and amending the pleadings without leave of Court should be November 1, 2018, and that otherwise the parties may only amend the pleadings upon a showing of good cause, *or upon being granted leave to amend by the Court*." ECF No. 23 ¶ 5 (emphasis added). Federal Rule of Civil Procedure Rule 15(a)(2) requires that the Court "freely" grant such leave "when justice so requires." Pursuant to the parties' agreement and Rule 15(a)(2), Check Point hereby requests that the Court grant leave for Check Point to add (1) additional inequitable conduct defenses to cover the '086, '633 and '844 Patents, and (2) an unenforceability defense based on a terminal disclaimer Finjan filed for the '086 Patent.[1]

---

[1] Check Point's proposed Joint Amended Answer is attached as Exhibit A. Exhibit B shows the amendments against Check Point Inc.'s First Amended Answer in redline. On January 28, 2019, Check Point requested that Finjan consent to Check Point's amendment of its Answer and Affirmative Defenses to plead these additional defenses. *See* Ex. C (1/28/2019 email from Vickie Feeman). Finjan declined. *See* Ex. C (1/29/2019 email from Austin Manes).

The requested Amendment will not delay the case. The Court has currently granted Check Point Inc. leave to file an Amended Answer and Affirmative Defenses to provide more detail for its prosecution latches defense.[2] ECF No. 65. The Court did not set a deadline for this amendment. *See id.* Because Check Point Ltd. had alleged substantially the same defense in its answer filed on January 8, 2019, *see* ECF No. 56, the parties agreed that Finjan would not be required to respond to Check Point Ltd.'s affirmative defenses as alleged, but that Check Point Inc. and Check Point Ltd. would file a joint Amended Answer that included the amended prosecution latches defense, *see* ECF No. 67. The parties further agreed that Finjan would have fourteen days to respond to Check Point's Amended Answer after it is served. Because an Amended Answer and Affirmative Defenses and Finjan's responsive pleading are currently pending, it would not add any time to the schedule, require any additional pleadings, or be unduly burdensome to allow Check Point to plead the additional defenses at this time.

Nor would the Amendments be futile. The inequitable conduct defenses Check Point seeks to add are similar to the inequitable conduct defense for U.S. Patent No. 8,141,154 ("'154 Patent"), that the Court recently declined to strike from Check Point Inc.'s pleading. Finjan's counsel committed acts during prosecution of the '086, '633, and '844 Patents similar to the conduct that the Court found sufficient to support a defense of inequitable conduct for the '154 Patent. In particular, as described in Check Point's Tenth, Eleventh, and Twelfth Defenses in the Amended Answer (Ex. A at 29-35), Finjan's overarching pattern of repeated misrepresentations to the PTO regarding purportedly "unintentionally" delayed claims of priority extends to the '086, '633, and '844 Patents, rendering those patents unenforceable. Justice is best served by permitting Check Point to assert similar inequitable conduct defenses with respect to the three additional patents.

Check Point also recently discovered that a terminal disclaimer submitted by Finjan during prosecution of the '086 Patent renders that patent unenforceable as a matter of law. As described in Check Point's Thirteenth Defense (Ex. A at 35-36), Finjan submitted a terminal

---

[2] Check Point's amendment to its prosecution laches defense is included in Ex. A. *See* Ex. A, Fifth Defense.

1  disclaimer with respect to a patent that it did not and has never owned, which, according to the
2  face of the terminal disclaimer, renders the '086 patent unenforceable. The terminal disclaimer
3  provides: "[t]he owner hereby agrees that any patent granted on the instant application shall be
4  enforceable only for and during such period that it and the prior patent are commonly owned."
5  Ex. F, Terminal Disclaimer for the '086 Patent. Justice is best served by allowing Check Point to
6  assert this newly discovered defense.

## II. JUSTICE REQUIRES AMENDMENT.

Under Rule 15, the Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because "the underlying facts or circumstances" that Check Point relies on "may be a proper subject of relief," Check Point "ought to be afforded an opportunity to test [its claims] on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman*, 371 U.S. at 182); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."). There is no evidence of any of the *Foman* factors in this case.

### A. There is no undue delay, bad faith, or dilatory motive.

There is no evidence—much less "strong evidence"—that Check Point unduly delayed or acted in bad faith in asserting the additional inequitable conduct defenses and terminal disclaimer defense at this time. *Sonoma*, 708 F.3d at 1117. The materials related to this case are immense. Finjan has filed over 20 district court cases that involve at least one of the seven patents asserted in the instant case, and there have been 33 IPR petitions filed related to the asserted patents. Accordingly, understanding the complexities of this case requires sifting through and digesting an overwhelming body of evidence. The patent file histories for the seven patents are themselves

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

MOT. TO AMEND ANSWER
5:18-cv-02621

voluminous. All but one of those patents claim priority through multiple applications. For the '086 Patent alone, Finjan claimed a complicated web of priority to at least nine different patents or applications that had been filed or issued over many years. Check Point's investigation, therefore, is ongoing. While Finjan is undoubtedly familiar with its own patents that it has asserted repeatedly, Check Point and its counsel are still processing all of the relevant information and only recently uncovered the specific facts underlying its proposed affirmative defenses.

Moreover, Check Point's request to amend its pleadings is not intended to delay, and will not delay, these proceedings. The case is still in its early stages. Discovery continues for another ten months, expert discovery does not occur for another year, and trial is two years away. *See* ECF No. 25. Indeed, given that Check Point has already been granted leave to amend its Answer and Affirmative Defenses, and Finjan agreed to delay its response to Check Point Ltd.'s Answer and Affirmative Defenses until after service of that amended Answer, granting Check Point leave to file the attached Amendment results in absolutely no delay or additional pleadings. Moreover, even "[a]ssuming *arguendo* that [Check Point] had unreasonably delayed the filing of the motion to amend its answer, '[u]ndue delay by itself ... is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)). Given the overlap in the proposed inequitable conduct defenses and the current inequitable conduct defenses, and the straightforward nature of the terminal disclaimer defense, which renders the '086 patent unenforceable as a matter of law (as discussed below), there is no justification for denying this motion.

### B. There have been no repeated failures to cure deficiencies.

"This is not a case where plaintiffs took 'three bites at the apple' by alleging and re-alleging the same theories in an attempt to cure pre-existing deficiencies." *Eminence Capital,* 316 F.3d at 1053. Check Point Inc. amended its answer once before—but not in response to any challenge from Finjan. *See* ECF No. 46. This Court has already granted leave for Check Point Inc. to amend with respect to prosecution laches, and the remaining proposed amendments are all "theories not previously alleged." *Eminence Capital,* 316 F.3d at 1053. The proposed

amendments would constitute Check Point Ltd.'s *first* amendment for these assertions and thus should be allowed.

### C. The proposed amendments do not prejudice Finjan.

The proposed amendments will not prejudice Finjan. This case is still in the early stages. The Court has not yet construed the claims, fact discovery does not close until December 13, 2019 and expert discovery does not close until June 12, 2020. ECF No. 25. Trial does not commence until the end of January 2021. *Id.* Moreover, the Court has already granted Check Point Inc. leave to amend its prosecution laches defenses, and Finjan has agreed that Check Point Ltd. can amend that same defense. There is no way that the proposed amendments will prejudice Finjan by delaying the proceedings. *See, e.g.*, *Owens*, 244 F.3d at 712 (finding no prejudice where "amendment caused no delay in the proceedings and required no additional discovery").

Nor will the amendments require additional discovery. *See id.* The new inequitable conduct allegations involve the same prosecuting attorney implicated in the previously alleged (and upheld) inequitable conduct defenses and the same pattern of conduct by that attorney and Finjan. Thus, the discovery for the additional inequitable conduct defenses will be essentially identical to the discovery required for the previously alleged defenses. Moreover, Finjan's terminal disclaimer renders the '086 patent unenforceable as a matter of law and thus does not require any additional discovery. Accordingly, Finjan should not be able to persuasively argue that defending against the additional defenses will be unduly burdensome.

Moreover, even in the unlikely scenario that Finjan were able to show some kind of delay or additional discovery, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (collecting cases). Nor does the dispositive nature of Check Point's defenses establish prejudice. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) ("[A] plaintiff does not establish prejudice even when the timely assertion of an affirmative defense would have been dispositive had it been asserted at the outset of the suit.").

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

MOT. TO AMEND ANSWER
5:18-CV-02621

### D. The proposed amendments are not futile.

"[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)). The proposed amendments are valid defenses that have been sufficiently alleged.

The allegations of inequitable conduct regarding the '086, '633, and '844 Patents are very similar to the allegations of inequitable conduct involving the '154 Patent that have already survived a motion to strike. *Compare* Ex. A, Tenth, Eleventh, and Twelfth Defenses *with* Ex. A, Eighth Defense; *see also* ECF 65. Like the earlier allegations, the current inequitable conduct allegations are sufficient because they allege that "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). Specifically, during prosecution of each of the '086, '633, and '844 Patents, Finjan's patent attorney, Dawn-Marie Bey, filed a petitions to claim priority to earlier patent applications. Ex. A, ¶¶ 47-48, 55, 65. In each of those petitions, Ms. Bey alleged that the delay was unintentional. *Id.* With respect to each of the '086, '633, and '844 Patents, discovery is likely to show that Ms. Bey misrepresented a material fact to the PTO and also violated her duty of candor to the PTO when she represented that the delayed claims of priority were "unintentional," Ex. A, ¶¶ 49, 56, 66. Check Point further alleges that the asserted claims of those patents are not entitled to the earlier priority dates because those applications lack sufficient disclosure of the asserted claims, and thus that the claims of priority are also affirmative misrepresentations. Ex. A, ¶¶ 50, 57, 64, 67.

Check Point also alleges that those misrepresentations are material and made with a specific intent to deceive the PTO. Check Point alleged that (1) Ms. Bey's filing of petitions in the '086, '633, and '844 prosecutions coincided with ongoing assertion of those patents in numerous litigations and significant challenges to the validity of the patents in IPR and other PTO

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

MOT. TO AMEND ANSWER
5:18-CV-02621

proceedings, Ex. A, ¶¶ 49, 56, 66, (2) Finjan was incentivized to attempt to claim early priority only to the extent it believes it is necessary to overcome otherwise invalidating prior art, Ex. A, ¶¶ 51, 58, 68 and (3) Finjan and Ms. Bey delayed claiming priority in order to attempt to maximize the value of the patents during pre-suit licensing negotiations and only attempted to correct the claim of priority once it became clear that the patents would be subject to serious invalidity attacks in litigation, *Id*. Finjan has an unusually abundant history of petitioning for allegedly "unintentionally" delayed claims of priority, particularly after one of Finjan's patents is under examination and has been rejected over prior art that predates the filing of the patent but post-dates the belatedly claimed priority document. Ex. A, ¶¶ 53, 60, 70. On multiple occasions, it appears that Finjan has waited to see if a patent would be granted or validated with a later priority date in order to benefit from a later expiration date, and only when it becomes clear that the patent would not be granted or validated does Finjan seek to "correct" its "unintentionally" delayed priority claim in order to try to moot the asserted prior art. *Id*. This overarching pattern of repeated misrepresentations to the PTO regarding purportedly "unintentionally" delayed claims of priority constitutes affirmative egregious misconduct and is per se material. Ex. A, ¶¶ 52, 59, 69. This is particularly true where those claims of priority are unsupported. Ex. A, ¶¶ 50, 57, 64, 67.

Accordingly, Check Point has sufficiently alleged the who, what, when, where, and how of the alleged inequitable conduct by stating that in filling the petition's Ms. Bey misrepresented that Finjan's delay between the priority date claim and the date the petitions were filed was unintentional, and that Ms. Bey misrepresented that the patents were entitled to the earlier priority dates. *See* ECF No. 65 at 8. Construing the allegations in a light most favorable to Check Point and considering the many patents owned by Finjan for which it filed petitions of delayed claims of priority, Check Point has sufficiently stated a pattern of inequitable conduct through the repeated filing of petitions to accept purportedly unintentionally delayed claims of priority. *See id.* at 8-9. This is sufficient to support a reasonable inference that Ms. Bey intentionally delayed filing the petitions in order to maximize the value of the patents during pre-suit licensing negotiations and only filed its petition to correct the claim of priority once it realized that the patents would be subject to invalidity attacks in litigation. *Id.* at 9. The alleged

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

MOT. TO AMEND ANSWER
5:18-CV-02621

misrepresentations by Ms. Bey are per se material. *Outside the Box Innovations, LLC v. Travel Caddy, Inc.,* 695 F.3d 1285, 1294 (Fed. Cir. 2012) ("Where the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, the misconduct is material.") (citation omitted). Further, the submission of the allegedly false petitions raise a strong inference of intent to deceive the PTO. *Intellect Wireless, Inc. v. HTC Corp.,* 732 F.3d 1339, 1345 (Fed. Cir. 2013) (holding that the submission of an affidavit containing fabricated examples in order to overcome a prior art reference raises a strong inference of intent to deceive).

The face of Finjan's terminal disclaimer for the '086 Patent alone renders the '086 Patent unenforceable as a matter of law. During prosecution of the '086 Patent, the Patent Examiner rejected pending claims 77-136 on the ground of nonstatutory obviousness-type double patenting based on U.S. Patent No. 7,480,962, and other patents. Ex. D, 9-20-2010, Non-Final Rejection at 4; Ex. E, 6-15-2011, Final Rejection at 5. In its response to the Final Rejection, Finjan submitted a terminal disclaimer with respect to U.S. Patent No. 7,480,962. Ex. F. This terminal disclaimer was accepted by the Patent Office, the nonstatutory obviousness-type double patenting rejections were withdrawn, and the '086 patent issued.

On its face, the terminal disclaimer provided that "[t]he owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned." *Id.* Finjan does not own, and never has owned, U.S. Patent No. 7,480,962. *See* Ex. G (face of patent shows it is owned by Sugatsune Kogyo Co., Ltd. of Tokyo, Japan). Accordingly, the '086 patent is unenforceable. Moreover, the Patent Office will not allow Finjan to "withdraw or otherwise nullify" a terminal disclaimer once the '086 patent issues. MPEP 1490.VIII.B. "The mechanisms to correct a patent — certificate of correction (35 U.S.C. 255), reissue (35 U.S.C. 251), reexamination (35 U.S.C. 305 and pre-AIA 35 U.S.C. 314), *inter partes* review (35 U.S.C. 316), post grant review (35 U.S.C. 326), and covered business method review — are not available to withdraw or otherwise nullify the effect of a recorded terminal disclaimer." *Id.* This is because once the patent issues, the public should be able to rely on the terminal disclaimer. *Id.* ("As a general principle, public policy does not

favor the restoration to the patent owner of something that has been freely dedicated to the public, particularly where the public interest is not protected in some manner — e.g., intervening rights in the case of a reissued patent.")  Moreover, "[a]lthough certificates of correction (35 U.S.C. 255) are available for the correction of some mistakes by applicants, this remedial provision is not available to withdraw or otherwise nullify a recorded terminal disclaimer."  MPEP Section 1490.VIII.B specifically states that "a mistake in filing a terminal disclaimer does not fall within any of the categories of mistake for which a certificate of correction of applicant's mistake is permissible."  *Id.*

These allegations are more than sufficient to support amendment.  *See, e.g.*, *Eminence Capital,* 316 F.3d at 1053 (finding that district court abused its discretion by denying leave to amend where "most importantly," it appeared that "plaintiffs had a reasonable chance of successfully stating a claim").

## III. CONCLUSION

For the reasons set forth above, Check Point respectfully requests that this Court grant leave to file the Joint Amended Answer and Affirmative Defenses, containing not only Check Point's amended prosecution laches allegations, but also the affirmative defenses of inequitable conduct regarding the '086, '633, and '844 Patents and the affirmative defense of unenforceability of the '086 Patent based on its terminal disclaimer.

Dated: February 12, 2019

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Vickie L. Feeman_____
VICKIE L. FEEMAN
Attorneys for Defendants
CHECK POINT SOFTWARE TECHNOLOGIES INC. and CHECK POINT SOFTWARE TECHNOLOGIES LTD.