IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>        Plaintiff,<br>v.<br><br>CHECK POINT SOFTWARE TECHNOLOGIES, INC., a Delaware Corporation, CHECK POINT SOFTWARE TECHNOLOGIES LTD., an Israeli Limited Company,<br><br>        Defendants. | Case No.: 3:18-cv-02621-WHO (JCS)<br><br>[PROPOSED] **ORDER ON DISCOVERY DISPUTES** |

On March 22, 2019, the Court held a hearing on Joint Discovery Letter Brief Regarding Plaintiff Finjan, Inc.'s Requests for Technical Documents [Dkt. No. 89] and Joint Discovery Letter Brief [Dkt. No. 90].

IT IS HEREBY ORDERED that:

1. Defendants shall produce the latest versions of the following documents for the products identified in Exhibit G to the briefing [Dkt. No. 89-7], to the extent such

1

documents exist, within forty-five (45) days:

   a. Design documents

   b. Technical / functional specifications

   c. Architectural documents

2. Plaintiff will serve amended infringement contentions according to the Court's Order Granting Motion to Strike in Part [Dkt. No. 84] notwithstanding this Order on Discovery Disputes.

3. Defendants shall produce flow charts for the features of the accused products identified in Plaintiff's amended infringement contentions within thirty (30) days of service of Plaintiff's amended infringement contentions, to the extent such documents exist.

4. Plaintiff shall produce full and un-redacted copies of the following documents from all prior lawsuits relating to the patents-in-suit or any patents in their family of patents within forty-five (45) days:

   a. Expert Damages Reports exchanged by the parties;

   b. Damages Contentions exchanged by the parties;

   c. Negotiations or communications between the parties related to settlement of the litigations;

   d. Any revenue or projected revenue information for the accused or licensed products exchanged between the parties.

5. Plaintiff shall give notice, within two (2) weeks, to all of the parties in the lawsuits in which the documents or communications were exchanged of this Court's Order to allow those parties an opportunity to move to amend this Court's Order.

6. Plaintiff shall produce documents showing how the lump sum amounts in the license and settlement agreements was calculated, including any revenue or projected revenue for the accused or licensed products relating to the patents-in-suit or any patents in their family of patents, within forty-five days (45), to the extent such documents exist.

7. To the extent information discovered pursuant to #6 is deemed protected by the

attorney-client privilege or work product doctrine, Plaintiff shall provide a privilege log for such documents within a reasonable amount of time.

**IT IS SO ORDERED**

Dated: March 27, 2019

Joseph C. Spero
Chief Magistrate Judge