UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHECK POINT SOFTWARE TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 18-cv-02621-WHO (JCS) <br><br> **ORDER GRANTING MOTION TO COMPEL** <br><br> Re: Dkt. No. 119 |

The parties filed a joint letter brief in which plaintiff seeks documents and a further interrogatory response (the "motion"). The motion is **GRANTED** as follows:

1. Within thirty (30) days, defendants shall produce documents responsive to plaintiff's Requests for Production Nos. 20-27, 55-58, and 60-63. This shall include documents regarding the costs of the accused products, gross and net profits, revenues, pricing, and valuations of the products, worldwide. These documents are relevant to damages and to obviousness. Defendants only position taken in the joint letter on these requests is that this issue has not been the subject of an in person meet and confer, and the letter comes more than five (5) days after what in person meeting did occur. Neither position is well taken.

2. Within thirty (30) days, defendants shall fully answer Finjan's Interrogatory No. 9, except for the last comma phrase of the interrogatory regarding prior art. The burden of answering this Interrogatory asking which source code corresponds to which accused device is substantially greater for plaintiff than for defendants, and, accordingly, a Rule 33(d) response is inadequate.

3. For purposes of this Order and the responses required above, the accused devices are

contained in the list attached as Exhibit B to the Joint Letter.

**IT IS SO ORDERED.**

Dated: May 22, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge