1    CLEMENT ROBERTS (State Bar No. 209203)
     croberts@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     405 Howard Street
3    San Francisco, CA 94105
     Telephone:    (415) 773-5700
4    Facsimile:    (415) 773-5759

5    VICKIE FEEMAN (State Bar No. 177487)
     vfeeman@orrick.com
6    FRANCES CHEEVER (State Bar No. 287585)
     fcheever@orrick.com
7    EVAN BREWER (State Bar No. 304411)
     ebrewer@orrick.com
8    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
9    Menlo Park, CA 94025-1015
     Telephone:    (650) 614 7400
10   Facsimile:    (650) 614 7401

11   ALYSSA CARIDIS (State Bar No. 260103)
     acaridis@orrick.com
12   ORRICK, HERRINGTON & SUTCLIFFE LLP
     777 South Figueroa Street, Suite 3200
13   Los Angeles, CA 90017
     Telephone:    (213) 629-2020
14   Facsimile:    (213) 612-2499

15   *Attorneys for Defendants*
     CHECK POINT SOFTWARE TECHNOLOGIES, INC. and
16   CHECK POINT SOFTWARE TECHNOLOGIES, LTD.

17                        UNITED STATES DISTRICT COURT

18                      NORTHERN DISTRICT OF CALIFORNIA

19                          SAN FRANCISCO DIVISION

20   FINJAN, INC. a Delaware Corporation,          Case No. 3:18-cv-02621-WHO (JCS)

21                 Plaintiff,                      **NOTICE OF MOTION AND MOTION
                                                   FOR LEAVE TO FILE MOTION FOR
22          v.                                     PARTIAL RECONSIDERATION OF
                                                   ECF NO. 128 IN LIGHT OF ECF NO.
23   CHECK POINT SOFTWARE                          192**
     TECHNOLOGIES INC., a Delaware
24   Corporation, CHECK POINT SOFTWARE             Dept.:    Courtroom G, 15th Floor
     TECHNOLOGIES LTD., an Israeli Limited         Judge:    Hon. Joseph C. Spero
25   Company,

26                 Defendants.

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **NOTICE OF MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL**

## **RECONSIDERATION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTE that pursuant to Northern District of California Civil Local Rule 7-9(b)(2), Defendants Check Point Software Technologies, Inc., and Check Point Software Technologies Ltd. ("Check Point") hereby move this Court for an order granting them leave to file a motion for reconsideration of the Court's Order Granting Finjan's Motion to Compel (ECF No. 128). As required by Civil Local Rule 7-9, Check Point respectfully contends, as discussed more fully below, that the disposition of the Order should be changed in light of "[t]he emergence of new material facts or a change of law occurring after the time of such order." Civ. L.R. 7-9(b)(2).

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3       Defendants Check Point Software Technologies, Inc., and Check Point Software

4   Technologies Ltd. ("Check Point") hereby move for leave to file a motion for partial

5   reconsideration of Magistrate Judge Spero's Order Granting Finjan's Motion to Compel. ECF No.

6   128 ("Order"). The Order required Check Point to produce certain documents relating to the

7   "accused products" in this case. Order at 1. On Monday, August 15, Judge Orrick granted Check

8   Point's motion to strike Finjan's amended infringement contentions, striking *with prejudice* many

9   products that Finjan previously accused and which were the subject of the Court's Order. *See*

10  ECF No. 192 ("MTS Order"). Because Judge Orrick determined that Finjan had not adequately

11  accused those products of infringement and denied Finjan the ability to amend its contentions to

12  further accuse those products, documents relating to them are not responsive to the requests for

13  production at issue. Moreover, the rationale provided by Finjan for why such documents are

14  relevant no longer applies, much as the Court's rationale supporting the Order is no longer

15  applicable. Accordingly, Check Point respectfully seeks leave to file a motion for partial

16  reconsideration to eliminate from the scope of the Order the products that have been struck with

17  prejudice.

18

**II.     BACKGROUND**

19      On September 7, 2018, Finjan served its first set of requests for production. Relevant to

20  the present motion, that set included several requests seeking financial information for the

21  accused products (Request Nos. 20-27, 55, 57-58) as well as usage statistics for the accused

22  products (Request Nos. 56, 60-63). Check Point objected to these requests because, *inter alia*, it

23  had not yet received adequate infringement contentions and therefore the scope of relevant

24  products was unclear. *See, e.g.*, ECF No. 127 at 17-18.

25      Finjan served its first set of infringement contentions on November 2, 2018. Those

26  contentions failed to meet the requirements set by the Court and the Patent Local Rules, and the

27  Court struck them in part on February 27, 2019, but granted Finjan leave to amend. ECF No. 84.

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

MOT. FOR LEAVE TO FILE
MOT. FOR RECONSIDERATION
5:18-CV-02621

1    Finjan served its amended infringement contentions on April 4, 2019. After concluding

2    that the amended contentions similarly violated this Court's orders and local rules, Check Point

3    filed a new motion to strike on May 15, 2019. ECF No. 125.

4        While Check Point was evaluating the amended contentions and drafting its motion to

5    strike, Finjan filed a joint letter brief concerning, among other things, its requests for financial

6    information. ECF No. 119. In that brief, Finjan explained it was "seeking financial information

7    for *the accused products* . . . and information showing how effectively *those products* use the

8    infringing technology." *Id.* at 1 (emphases added). It went on to explain that the requests for

9    production at issue "seek information including the costs to make *the accused products*, gross and

10   net profits for *the products*, and *their* revenues, pricing structures, and valuations." *Id.* (emphases

11   added). Finjan explained that such information was relevant to its claims for damages and to

12   rebutting Check Point's claims of obviousness. *Id.* In addition, Finjan described that requests 56

13   and 60-63 "seek information regarding the number of users or licenses of *the accused products*,

14   the number of malware scans *those products* perform, and the number of malware *they* detect."

15   *Id.* (emphases added). According to Finjan, such requests are directed to the use of the "infringing

16   technology." *Id.* (citing *Georgia Pacific* factor 13). In other words, Finjan itself defined these

17   Requests as limited to the products Finjan accuses of infringement in this case.

18       On May 22, 2019, the Court granted Finjan's Motion to Compel, requiring Check Point to

19   "produce documents responsive to plaintiff's Requests." *Id.* For purposes of the Order, the Court

20   defined accused products as those "contained in the list attached as Exhibit B to the Joint

21   Letter"—that is, the products that Finjan contended at the time were accused. *Id.*

22       Through a series of follow-on motions and agreements, the deadline to comply with the

23   Order was extended to September 1, 2019. *See* ECF Nos. 154, 162, 175, and 184.

24       On August 12, 2019, Judge Orrick granted Check Point's motion to strike Finjan's

25   amended infringement contentions, striking most of the contentions. Notably for this motion, the

26   Court struck two categories of "accused products" from Finjan's contentions *with prejudice*:

27       • "Finjan has already been directed to provide pinpoint source code citations for

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

MOT. FOR LEAVE TO FILE
MOT. FOR RECONSIDERATION
5:18-CV-02621

1       each limitation. To the extent that any or all of the 30 of the accused

2       instrumentalities lack pinpoint citations, they are struck with prejudice." MTS

3       Order at 11.

4           •   "Further, although I let Finjan add new products to its initial infringement

5              contentions despite failing to seek leave or show good cause, I am not inclined to

6              do so again. Any products not charted in the initial infringement contentions are

7              struck without leave to amend." *Id*. at 14.

8       Upon receiving the MTS Order, Check Point conferred with Finjan, seeking an agreement

9 that Check Point need not produce documents related to products that are no longer accused.

10 Declaration of Evan Brewer ("Brewer Decl."), Ex. A. Finjan refused, contending only that such

11 documents are relevant to the *Georgia Pacific* factor related to convoyed sales (factor 6). *Id.*

12       Following the Court's MTS Order, fewer than half of the products (15 of 36) Finjan

13 initially accused remain at issue in this case. *See* Brewer Decl., Ex. B. The struck products all

14 lacked source code citations in violation of Judge Orrick's repeated orders. *See* ECF No. 192.

15       Check Point now moves for reconsideration in light of the MTS Order.

16 **III.**    **LOCAL RULE 7-9 MOTION FOR PARTIAL RECONSIDERATION**

17       **A.**    **Legal Standard**

18       Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for

19 reconsideration any time before judgment. Civ. L.R. 7-9(a). A motion for reconsideration may be

20 made on one of three grounds: (1) a material difference in fact or law exists from that which was

21 presented to the Court, which, in the exercise of reasonable diligence, the party applying for

22 reconsideration did not know at the time of the order; (2) the emergence of new material facts or a

23 change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal

24 arguments presented before entry of judgment. Civ. L.R. 7-9(b)(1)-(3); *see also School Dist. No.*

25 *1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration

26 is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed

27 clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

MOT. FOR LEAVE TO FILE
MOT. FOR RECONSIDERATION
5:18-CV-02621

1    controlling law."). The moving party may not reargue any written or oral argument previously

2    asserted to the Court. Civ. L.R. 7-9(c).

3          **B.      <u>Argument</u>**

4          Check Point seeks leave to move for reconsideration of the scope of the Court's Order

5    based on new law and facts regarding the scope of accused products in this case. Judge Orrick's

6    MTS Order redefined the scope of products accused in this case as a matter of law. Whether the

7    MTS Order is considered a material change in the law of the case, or a new material fact, the

8    scope of accused products is drastically different than it was at the time this Court considered

9    Finjan's motion to compel. Documents relating to products that are no longer accused should be

10   removed from the scope of the Order for several reasons.

11         First, documents related to non-accused products are not responsive to the requests that

12   are the subject of the Order. The document requests specifically call for information related to

13   "Accused Instrumentalities." *See* ECF No. 127. While the Order used Exhibit B to the Joint Letter

14   (ECF No. 119-2) to define "Accused Instrumentalities," the Court has now struck many of

15   them—with prejudice. Those products are now not accused, cannot be accused in the future, and

16   should not be considered "Accused Instrumentalities" within the scope of the requests.

17   Accordingly, documents relating to those products are not responsive and Check Point should not

18   be compelled to produce them.

19         Second, the rationale provided by Finjan in its motion to compel as to why these

20   documents are relevant is no longer applicable. Finjan admitted that it was requesting information

21   *exclusively* about the "accused products." ECF No. 119 at 1. It argued that the financial

22   information was relevant to a reasonable royalty and to secondary considerations of non-

23   obviousness and that the "usage" documents were relevant to "to show the extent to which the

24   accused products use the patented technology." *Id.* These arguments necessarily fail for products

25   that are not accused of infringement. It goes without saying that financial information concerning

26   Check Point products not accused of infringement has no bearing on the obviousness of the

27   asserted patents. Similarly, because the non-accused products do not use the patented technology,

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

MOT. FOR LEAVE TO FILE
MOT. FOR RECONSIDERATION
5:18-CV-02621

1   usage statistics are irrelevant. Moreover, Finjan never contended that (let alone explained how)

2   information about non-accused products was either (1) responsive to requests specifically calling

3   for information about "Accused Instrumentalities" or (2) relevant to the case at hand. *See*

4   *generally*, *id*.

5          Third, the Court's Order only contemplated production of documents for accused

6   products. Order at 1. Since the Court issued its Order, the law of the case has changed, and the

7   scope of "accused products" has changed; the Order should be updated accordingly.[1]

8          Knowing that it cannot possibly justify calling products that are no longer part of this case

9   "accused," Finjan now ignores the plain language of its own requests and motion and argues that

10  this information is somehow relevant under a theory of convoyed sales. Brewer Decl., Ex. A.

11  Simply because a document might be relevant to a case does not mean that it is *responsive* to a

12  pending request or order. Indeed, a document request seeking information about *accused*

13  products, by definition, is *not* seeking information about convoyed sales of non-patented

14  products. *See American Seating Co. v. USSC Group, Inc.*, 514 F.3d 1262, 1268 (Fed. Cir. 2008)

15  ("A 'convoyed sale' refers to the relationship between the sale of a patented product and a

16  functionally associated non-patented product."). Whether or not information about non-accused

17  products would be relevant to a theory of convoyed sales was not a subject of discovery or

18  Finjan's motion and thus has not been addressed by the parties or considered by this Court.

19  Indeed, Finjan has not articulated any theory of damages that would tend to show that the non-

20  accused products would even qualify as convoyed sales. *See Thought, Inc. v. Oracle Corp.*, No.

21  12-CV-05601-WHO, 2015 WL 2357685, at *3-5 (N.D. Cal. May 15, 2015) (upholding decision

22  to deny discovery into convoyed sales where plaintiff was unable to articulate a theory of

23  damages relating to the non-accused products).

24      **C.    Conclusion**

25          For these reasons, Check Point respectfully requests that the Court reconsider its Order by

26  relieving Check Point of its obligation to produce financial and usage information for products

27  _____

[1] Indeed, in the MTS Order, Judge Orrick recognized that one of the purposes of requiring proper
28  infringement contentions is to "streamline[]" discovery. MTS Order at 2.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

MOT. FOR LEAVE TO FILE
MOT. FOR RECONSIDERATION
5:18-CV-02621

1   which have been struck with prejudice from the case.

2

3   Dated: August 16, 2019                Respectfully submitted,

4                                         ORRICK, HERRINGTON & SUTCLIFFE LLP

5

6                                         By:    */s/ Clement S. Roberts*
7                                                CLEMENT S. ROBERTS
                                                 Attorneys for Defendants
8                                                CHECK POINT SOFTWARE
                                                 TECHNOLOGIES INC. and CHECK
9                                                POINT SOFTWARE TECHNOLOGIES
                                                 LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -